OPINION
{¶ 1} Defendant, Miguel Lopez, was convicted on his pleas of guilty to several felony charges, including aggravated murder. On December 5, 2000, Lopez was sentenced to serve terms of imprisonment, concurrent and consecutive, on his convictions. The trial court also ordered Lopez to pay restitution in the amount of $1,455.05, and to pay court costs.
 {¶ 2} On June 27, 2002, Lopez filed a motion asking the trial court to order property returned to him which had been seized by police when he was arrested and incarcerated. The property consisted of nine hundred dollars in cash, a watch, a gold ring and a gold chain.
 {¶ 3} The trial court denied Lopez's motion on July 25, 2002. The court also ordered the Beavercreek Police Department to remit the cash it took from Lopez to the court's adult probation department to be distributed in satisfaction of the restitution order. The court also ordered the Beavercreek Police Department to sell the watch, ring, and chain at public auction and to remit the proceeds to the clerk of courts in satisfaction of the award of court costs.
 {¶ 4} Lopez filed a timely notice of appeal from the order of July 25, 2002. He presents a single assignment of error:
 {¶ 5} "Property of a defendant that is seized incident to his arrest that is not lawfully possessed or used during the commission of a crime must be returned to him."
 {¶ 6} Lopez argues that the cash, watch, ring, and chain, not having been determined to be contraband, are his to retain, and that by taking his property as it did the court deprived him of his property without due process of law.
 {¶ 7} The Fifth and Fourteenth Amendments to the United States Constitution provide that no person shall be deprived of life, liberty, or property without due process of law. The Fourteenth Amendment prohibition is specifically applicable to the states.
 {¶ 8} It is a well-established principle that notice and hearing, or an opportunity to be heard, are fundamental elements of due process of law. Stanton v. State Tax Commission (1926), 114 Ohio St. 658. In particular, notice and an opportunity to be heard are essential requisites of due process of law in judicial proceedings. Auglaize Box Board Co. v.Hinton (1919), 100 Ohio St. 505. A person deprived of property without an opportunity to be heard is deprived of due process of law. Warren SanitaryMilk Co. v. Board of Review, Bureau of Unemployment Compensation (1961), 21 O.O.2d 407, 87 Ohio Law Abs. 195.
 {¶ 9} Lopez argues that he was deprived of his property without due process of law because he lacked notice and an opportunity to be heard concerning the relief the execution the court ordered. Lopez argues that, absent the deprivation, he could have pursued his right to argue that the property is exempt from execution pursuant to R.C. 2929.66. The State argues that the court was authorized to act as it did because, per R.C. 2919.18(D), the financial sanctions imposed on Lopez in his sentence operate as a judgment against him, and that per R.C. 2929.18(D)(1)(a) the State may execute against the property of the judgment debtor in that circumstance.
 {¶ 10} R.C. 2929.18(A) authorizes financial sanctions as a part of the sentence a court may impose. That section defines "financial sanctions" to include (1) restitution by the offender to the victim and 4(a) reimbursement by the offender of any and all costs of sanctions incurred by the government.
 {¶ 11} Paragraph (D) of R.C. 2929.18 provides that a financial sanction imposed pursuant to paragraph (A) "is a judgment in favor of the state or a political subdivision in which the court that imposed the sanction is located, except . . . a financial sanction of restitution imposed pursuant to this section (which) is a judgment in favor of the victim of the offender's criminal act." The section goes on to provide that the state, political subdivision, or victim in whose favor the judgment runs "may bring an action to do any of the following," identifying under subparagraphs 1(a)-(c)(i)-(ii) a number of statutory proceedings the judgment creditor may employ.
 {¶ 12} The State relies on R.C. 2929.18(D)(1)(a) for authority that allows the court to execute on the Defendant's personal property as it did. That section permits "an execution against the property of the judgment debtor under Chapter 2329 of the Revised Code." R.C. 2329.09
authorizes writs of execution which "shall command the officer to whom it is directed to levy on the goods and chattels of the debtor." R.C. 2929.091 commands the clerk to notify the debtor that the writ has issued. The form of notice the statute prescribes includes a right to request a hearing to determine whether the property to be seized is exempt from execution under state and/or federal law.
 {¶ 13} The trial court issued a writ of execution against a ring, a watch, a chain, and cash taken from Lopez after his arrest. Lopez argues that the property is exempt from execution per R.C. 2329.66. On this record, because there was no hearing, we can't determine whether it is exempt. That requires us to address Lopez's fundamental claim, which is that the procedure the court employed deprived him of his due process rights of notice and an opportunity to be heard.
 {¶ 14} Lopez clearly had notice of the judgments against him that are part of his sentence, and he is charged by R.C. 2929.18(D) with notice that his personal property is subject to execution to satisfy those judgments. His own motion asking the court to order the property returned to him culminated in the writ of execution the court issued. The question is whether Lopez was entitled to some form of notice that the writ had issued.
 {¶ 15} R.C. 2929.18(D) authorizes a judgment creditor in whose favor a financial sanction runs to enforce the judgment by bringing "an action" under one or more of several sections of the Revised Code. This reference to an "action" indicates that the right of execution which the judgment confers, though ancillary to the judgment rendered in the criminal proceeding itself, can be enforced only through some further statutory "action" or proceeding brought for that purpose. In this instance, the relief the court granted instead "arose" from Lopez's request to have his property returned.
 {¶ 16} R.C. 2929.18(D)(1)(a) and R.C. Chp. 2329, to which it refers, authorized execution against Lopez's personal property to satisfy the judgment for costs in favor of the state or Greene County. However, per R.C. 2929.091, Lopez was entitled to notice of the writ and the right to a hearing if he wishes to present a statutory exemption claim. No notice was given, so the execution appears to have been invalid.
 {¶ 17} Further, as Lopez argues, per R.C. 2929.18(D) the restitution judgment runs in favor of the victim, not the State. Therefore, to the extent that the court's writ was to satisfy the restitution order, it appears that the State was not authorized to enforce it. However, it is unclear whether the State actually sought to satisfy the restitution order or the court granted that relief gratuitously.
 {¶ 18} The relevant statutes contain no provision which governs how a court that issues a writ of execution insures that its clerk will provide the judgment debtor with the form of notice that R.C. 2929.091 prescribes and requires the clerk to serve. Ordinarily, a praecipe or order to the clerk endorsed on the writ of execution suffices. The writ which the court issued here contains no such order. The record does not indicate that the clerk issued the notice to Lopez that R.C. 2929.091 requires, and the State does not contend that the notice issued.
 {¶ 19} For the reasons discussed above, we find that, in consequence of the trial court's order, Lopez was deprived of his property without the notice and an opportunity to be heard, a right personal to him which due process of law guarantees. Therefore, the assignment of error is sustained and the trial court's writ of execution issued July 25, 2002, will be reversed and vacated.
BROGAN, J. and YOUNG, J., concur.